UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EBONY BYRD,<br><br>    Plaintiff,<br><br>    v.<br><br>M.A.C. COSMETICS INC., et al.,<br><br>    Defendants. | Case No. 24-cv-01639-AMO<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR DISCRETIONARY STAY**<br><br>Re: Dkt. No. 49 |

Before the Court is Defendant M.A.C. Cosmetics, Inc.'s ("M.A.C.") motion to dismiss Plaintiff Ebony Byrd's ("Byrd") complaint, or alternatively, to stay the action. This Order assumes familiarity with the facts and claims of this case as well as those of *Ignacio Maciel et al. v. M.A.C. Cosmetics, Inc.*, No. 3:23-CV-3718-AMO ("*Maciel*"). The motion is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for October 21, 2024, is **VACATED**. *See* Civil L.R. 7-1(b). Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby **GRANTS** M.A.C.'s motion for a discretionary stay for the following reasons.

While M.A.C. primarily argues for this case to be dismissed or stayed pursuant to the first-to-file rule, it remains an open question in this Circuit whether the rule applies to actions within the same district, as is the case here. *See Dolores Press, Inc. v. Robinson*, 766 F. App'x 449, 453 (9th Cir. 2019); *Zhang v. Ancestry.com Operations Inc.*, No. 21-CV-07652-LB, 2022 WL 718486 (N.D. Cal. Mar. 10, 2022). That issue need not be resolved as the relevant factors support granting a discretionary stay based on the Court's inherent authority.

"A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants."

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). In determining whether a stay is an appropriate use of this authority, courts must weigh competing interests, including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.*

It is appropriate to issue a discretionary stay here. *Byrd* and *Maciel* involve nearly-identical putative classes, the same defendant, and significantly similar facts and claims. However, the cases are at considerably different stages. In *Maciel*, discovery is closed and class certification briefing is set to conclude within several months. In contrast, discovery has not yet begun in *Byrd*. There is thus no obvious damage from staying *Byrd* pending further proceedings in *Maciel*, and doing so is likely to simplify the issues and questions of law and promote judicial economy. Accordingly, the Court hereby **STAYS** this action pending further proceedings in *Maciel*.

**IT IS SO ORDERED.**

Dated: October 15, 2024

ARACELI MARTÍNEZ-OLGUÍN
United States District Judge

2